### HERBERT et al. v. SHANLEY CO.

#### (District Court, S. D. New York. May 1, 1915.)

1. COPYRIGHTS ☞66—INFRINGEMENT—PERFORMANCE WITHOUT PROFIT.
    A performance of a copyrighted dramatico-musical composition need not be for profit, to infringe the copyright.
    [Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 63; Dec. Dig. ☞66.]

2. COPYRIGHTS ☞66—INFRINGEMENT—PERFORMANCE.
    A performance in words and music only may infringe a dramatico-musical copyright, and it is immaterial whether the performance is only of a scene or a part thereof.
    [Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 63; Dec. Dig. ☞66.]

3. COPYRIGHTS ☞66—INFRINGEMENT—ACTS CONSTITUTING.
    Authors of a comic opera, who take out a copyright on a song with orchestral accompaniment, dedicate to the public the right to sing the words to the music, accompanied by an orchestra.
    [Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 63; Dec. Dig. ☞66.]

In Equity. Suit by Victor Herbert and others against the Shanley Company. On motion for injunction. Denied.

The plaintiffs are together the authors of a comic opera, "Sweethearts," of which Herbert composed the music and the other three individual. plaintiffs wrote the words. This has been performed in New York and elsewhere, and the words and music together have been printed by the corporate plaintiff, G. Schirmer, Incorporated, which took out a copyright upon the whole opera and upon various pieces as musical compositions. The plaintiff Harry B. Smith also took out a copyright upon the libretto of the opera, in so doing complying with all formalities necessary to procuring a copyright as a dramatic composition.

The defendant owns and keeps in the city of New York a restaurant with a large dining room on the ground floor, in the center of which it has erected a stage without proscenium, wings, or back-drop. Upon this stage during the evenings, and while the guests are eating, actors and singers appear, who sing songs to the accompaniment of an orchestra, and who at times accompany the songs with dancing. This is called a "cabaret." The defendant charges no admission to the dining room, and gets its profit from the food and drink sold to the guests while they listen to the performance.

In the opera, "Sweethearts," appears a solo with chorus, entitled "Sweethearts," with orchestral accompaniment; the words and music being separately published by G. Schirmer, Incorporated, and copyrighted as a musical composition. The defendant employed a singer who had purchased a copy of this song from G. Schirmer, Incorporated, to sing it to the accompaniment of a small orchestra. The performance was without chorus, not in costume, and without any further effort to reproduce the opera than is involved in singing the words and music.

The plaintiffs move for an injunction on the theory that the performance infringed the copyright of the dramatico-musical composition.

Nathan Burkan, of New York City, for plaintiffs.
Francis Gilbert, of New York City, for defendant.

LEARNED HAND, District Judge (after stating the facts as above). [1, 2] That the opera was a dramatico-musical composition

seems to me to admit of no question; a performance need not, there-fore, be "for profit" to infringe, under the rule in Church Co. v. Hil-liard, 221 Fed. 229, 136 C. C. A. 639, decided by the Circuit Court of Appeals for the Second Circuit February 9, 1915. Furthermore, a performance in words and music alone infringed the dramatico-mu-sical copyright, for words and music alone may constitute a dramatic performance (Russell v. Smith, 12 Q. B. 217), and it did not matter that the performance was only of a scene or part of a scene (Brady v. Daly, 83 Fed. 1007, 28 C. C. A. 253). So far the case is all with the plaintiffs.

[3] However, the authors took out a copyright upon the song sep-arately as a musical composition, and in so doing they necessarily gave into the public domain all musical rights, except as they were covered by the resulting copyright. Whatever be the minimum of musical rights, it includes the right to perform the music publicly without any unnecessary accessories. Singing the words to the music, accompanied by the orchestra, is therefore within the musical rights so dedicated. On the other hand, we now have it, on the author-ity of Church Co. v. Hilliard, supra, that a public performance of this kind is not within the statutory copyright which the plaintiffs re-ceived as consideration for their dedication. It seems necessarily to follow that the performance did not infringe.

This result no doubt involves the abandonment of some rights, se-cured by the dramatico-musical copyright, but that is because the plain-tiffs wished a double protection. There can be no justice in preserv-ing their dramatic rights at the expense of the public's rights arising from taking out a musical copyright. Had they wished to retain a com-plete dramatic monopoly, they had it in their power to do so. As it is, that monopoly remains to their complete protection, except so far as its limitation is necessary to give full scope to the musical copyright. For instance, if the performance here had been anything beyond the least essentials to a musical reproduction of the copyrighted song, it would be protected; but it was not. The plaintiffs are really trying to eat their cake and have it; they would get the full benefit of a mu-sical copyright, while they prevent the public from enjoying the cor-responding rights.

The motion is denied.